# EXHIBIT B

**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON NAVY YARD DC 20374-5066

IN REPLY REFER TO:

5890
Ser 00CL
January 24, 2019

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Stack & Associates P.C.
260 Peachtree Street Ste 1200
Atlanta, GA 30303

Dear Sir or Madam:

SUBJECT: CAMP LEJEUNE CONTAMINATED WATER CLAIMS

   This responds to your clients' claims submitted for personal injuries and/or wrongful death allegedly resulting from the exposure to contaminated water at Camp Lejeune, North Carolina. Your clients' names are listed on the enclosure to this letter.

   Your clients' claims were considered under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. In accordance with the FTCA, the United States can only be held liable under limited circumstances where the negligent acts or omissions of United States employees acting within the scope of their employment proximately caused the alleged injuries.

   The government's investigation has determined that your clients' claims do not meet the requirements under the FTCA for compensation. Among the reasons why the claims do not meet the requirements, is that the claims are barred by the North Carolina statute of repose which provides that no claim for personal injury "shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action" N.C. Gen. Stat. Section 1-52(16). Because your clients did not file their claims within 10 years of the last act or omission related to contaminated water at Camp Lejeune, their actions are untimely. See In re Camp Lejeune North Carolina Water Contam. Litig., 263 F. Supp. 3d 1318, 1332-40 (N.D. Ga. 2016) appeal docketed 16-17573 (11th Cir.); Bryant v. United

```
                                                          5890
                                                          Ser 00CL
                                                          January 24, 2019
```

States, 768 F.3d 1378 (11th Cir. 2014). Additionally, your clients' claims are barred by the FTCA's discretionary function exception, which provides the United States immunity for tort claims challenging discretionary, policy-based conduct. 28 U.S.C. Section 2680(a). See In re Camp Lejeune; 263 F. Supp. 3d at 1343-60; Snyder v. United States, 504 F. Supp. 2d 136 (S.D. Miss. 2007), aff'd 2008 WL 4601686 (5th Cir. 2008).

If any of your clients were serving in the military and stationed at Camp Lejeune, another independent reason that their claims do not meet the FTCA requirements for compensation is that they were in the service at the time of their stated exposure to contaminated water at Camp Lejeune; therefore, they must pursue an administrative remedy for service-connected injury rather than an FTCA action. See Feres v. United States, 340 U.S. 135 (1950); In re Camp Lejeune, 263 F. Supp. 3d at 1341-43; Gros v. United States, 2005 WL 6459834 (E.D. Tex. Sept. 27, 2005), aff'd 232 Fed. App. 417 (5th Cir. 2007).

This notice constitutes final action on your clients' claims. If they are dissatisfied with the action taken they may file suit in the appropriate U.S. District Court no later than six months from the date of the mailing of this letter. By law, failure to comply with this six-month time limit may forever bar them from filing a lawsuit.

Sincerely,

*[signature]*

H.H. DRONBERGER  
Director  
Claims & Tort Litigation

Enclosure

## Stack & Associates Claimants

| Claim # | Last Name | First Name |
|---|---|---|
| 140621 | Adamski | Landen H. a minor by Michele Hennessy |
| 140622 | Adamski | Tyler H. a minor by Hennessy Adamski |
| 161240 | Carter | Debra |
| 130298 | Dore | Michael |
| 130299 | Terry | Eric R. |
| 130300 | Dore | John C. III |
| 130301 | Dore | Michael |
| 130303 | Mashburn | Linda |
| 130305 | Mashburn | Robert Sr. |
| 130306 | Mashburn | Robert Jr. |
| 130557 | Favors | Fernanza L. |
| 130842 | Singer | Lawrence |
| 130843 | Tarringer | Michael |
| 130844 | Singer | Lawrence |
| 140619 | Hennessy | Michele J. |
| 140620 | Hennessy | Michele J. |
| 150677 | Kealy | Victoria |
| 150812 | Holstrom | Jennifer R. |
| 161092 | Davidson | Dennis A. |
| 161098 | Davidson | Janet Lynn |
| 161099 | Davidson | Patricia Marshall |
| 161100 | Davidson | Russell Jay |
| 161101 | Davidson | Timothy Michael |
| 151184 | Shelor | Mark Monroe |
| 150573 | Hutchinson | Chisa B |
| 161241 | Waldoch | Pamela |
| 161242 | Waldoch | Beverle Ann |
| 161243 | Waldoch | Daniel |
| 161741 | Thompson | Bill (dec'd) |
| 170103 | Thompson | Bill (dec'd) |
| 102397 | Bryant | Kimberly S. |
| 102271 | Bryant | Erica Y. |
| 102272 | Bryant | Alonzo E. Jr. |
| 102273 | Bryant | Kaylan A. |



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON NAVY YARD DC 20374-5066

IN REPLY REFER TO:

5890
Ser 00CL
January 24, 2019

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Keith L. Lindsay
Edmond, Lindsay & Hoffler
344 Woodward Avenue
Atlanta, GA 30312

Dear Sir or Madam:

SUBJECT: CLAIM OF AMENA MITCHELL

This responds to your client's claim submitted for personal injuries and/or wrongful death allegedly resulting from the exposure to contaminated water at Camp Lejeune, North Carolina.

Your client's claim was considered under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. In accordance with the FTCA, the United States can only be held liable under limited circumstances where the negligent acts or omissions of United States employees acting within the scope of their employment proximately caused the alleged injuries.

The government's investigation has determined that your client's claim does not meet the requirements under the FTCA for compensation. Among the reasons why the claim does not meet the requirements, is that the claim is barred by the North Carolina statute of repose which provides that no claim for personal injury "shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action" N.C. Gen. Stat. Section 1-52(16). Because your client did not file their claim within 10 years of the last act or omission related to contaminated water at Camp Lejeune, their action is untimely. See In re Camp Lejeune North Carolina Water Contam. Litig., 263 F. Supp. 3d 1318, 1332-40 (N.D. Ga. 2016) appeal docketed 16-17573 (11th Cir.); Bryant v. United States, 768 F.3d 1378 (11th Cir. 2014). Additionally, your client's claim is barred by the FTCA's discretionary function exception, which provides the United States immunity for tort claims challenging

5890
Ser 00CL
January 24, 2019

discretionary, policy-based conduct. 28 U.S.C. Section 2680(a). See In re Camp Lejeune; 263 F. Supp. 3d at 1343-60; Snyder v. United States, 504 F. Supp. 2d 136 (S.D. Miss. 2007), aff'd 2008 WL 4601686 (5th Cir. 2008).

If your client was serving in the military and stationed at Camp Lejeune, another independent reason that their claim does not meet the FTCA requirements for compensation is that they were in the service at the time of their stated exposure to contaminated water at Camp Lejeune; therefore, they must pursue an administrative remedy for service-connected injury through the Department of Veterans Affairs rather than an FTCA action. See Feres v. United States, 340 U.S. 135 (1950); In re Camp Lejeune, 263 F. Supp. 3d at 1341-43; Gros v. United States, 2005 WL 6459834 (E.D. Tex. Sept. 27, 2005), aff'd 232 Fed. App. 417 (5th Cir. 2007).

This notice constitutes final action on your client's claim. If your client is dissatisfied with the action taken your client may file suit in the appropriate U.S. District Court no later than six months from the date of the mailing of this letter. By law, failure to comply with this six-month time limit may forever bar your client from filing a lawsuit.

Sincerely,

H.H. DRONBERGER
Director
Claims & Tort Litigation



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON NAVY YARD DC 20374-5066

IN REPLY REFER TO:

5890
Ser 150150
January 25, 2019

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Marie E. Chambers
658 New Street
Williamstown, NJ 08094

Dear Marie E. Chambers:

SUBJECT: CLAIM OF MARIE E. CHAMBERS

This responds to your administrative claim for personal injuries and/or wrongful death allegedly resulting from the exposure to contaminated water at Camp Lejeune, North Carolina.

Your claim was considered under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. In accordance with the FTCA, the United States can only be held liable under limited circumstances where the negligent acts or omissions of United States employees acting within the scope of their employment proximately caused the alleged injuries.

The government's investigation has determined that your claim does not meet the requirements under the FTCA for compensation. Among the reasons why your claim does not meet the requirements, is that your claim is barred by the North Carolina statute of repose which provides that no claim for personal injury "shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action" N.C. Gen. Stat. Section 1-52(16). Because you did not file your claim within 10 years of the last act or omission related to contaminated water at Camp Lejeune, your action is untimely. See In re Camp Lejeune North Carolina Water Contam. Litig., 263 F. Supp. 3d 1318, 1332-40 (N.D. Ga. 2016) appeal docketed 16-17573 (11th Cir.); Bryant v. United States, 768 F.3d 1378 (11th Cir. 2014). Additionally, your claim is barred by the FTCA's discretionary function exception, which provides the United States immunity for tort claims challenging

5890
Ser 150150
January 25, 2019

discretionary, policy-based conduct. 28 U.S.C. Section 2680(a). See In re Camp Lejeune; 263 F. Supp. 3d at 1343-60; Snyder v. United States, 504 F. Supp. 2d 136 (S.D. Miss. 2007), aff'd 2008 WL 4601686 (5th Cir. 2008).

If you were serving in the military and stationed at Camp Lejeune, another independent reason that your claim does not meet the FTCA requirements for compensation is that you were in the service at the time of your stated exposure to contaminated water at Camp Lejeune; therefore, you must pursue an administrative remedy for service-connected injury through the Department of Veterans Affairs rather than an FTCA action. See Feres v. United States, 340 U.S. 135 (1950); In re Camp Lejeune, 263 F. Supp. 3d at 1341-43; Gros v. United States, 2005 WL 6459834 (E.D. Tex. Sept. 27, 2005), aff'd 232 Fed. App. 417 (5th Cir. 2007).

This notice constitutes final action on your claim. If you are dissatisfied with the action taken you may file suit in the appropriate U.S. District Court no later than six months from the date of the mailing of this letter. By law, failure to comply with this six-month time limit may forever bar you from filing a lawsuit.

Sincerely,

H.H. DRONBERGER
Director
Claims & Tort Litigation

2



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON NAVY YARD DC 20374-5066

IN REPLY REFER TO:

5890
Ser 00CL
February 25, 2019

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Stack & Associates, P.C.
260 Peachtree St. N.W.; Ste. 1200
Atlanta, GA 30303

Dear Sir or Madam:

SUBJECT: CAMP LEJEUNE CONTAMINATED WATER CLAIMS

This responds to your clients' claims submitted for personal injuries and/or wrongful death allegedly resulting from the exposure to contaminated water at Camp Lejeune, North Carolina. Your clients' names are listed on the enclosure to this letter.

Your clients' claims were considered under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. In accordance with the FTCA, the United States can only be held liable under limited circumstances where the negligent acts or omissions of United States employees acting within the scope of their employment proximately caused the alleged injuries.

The government's investigation has determined that your clients' claims do not meet the requirements under the FTCA for compensation. Among the reasons why the claims do not meet the requirements, is that the claims are barred by the North Carolina statute of repose which provides that no claim for personal injury "shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action" N.C. Gen. Stat. Section 1-52(16). Because your clients did not file their claims within 10 years of the last act or omission related to contaminated water at Camp Lejeune, their actions are untimely. See In re Camp Lejeune North Carolina Water Contam. Litig., 263 F. Supp. 3d 1318, 1332-40 (N.D. Ga. 2016) appeal docketed 16-17573 (11th Cir.); Bryant v. United

```
                                                   5890
                                                   Ser 00CL
                                                   February 25, 2019
```

States, 768 F.3d 1378 (11th Cir. 2014).  Additionally, your clients' claims are barred by the FTCA's discretionary function exception, which provides the United States immunity for tort claims challenging discretionary, policy-based conduct.  28 U.S.C. Section 2680(a).  See In re Camp Lejeune; 263 F. Supp. 3d at 1343-60; Snyder v. United States, 504 F. Supp. 2d 136 (S.D. Miss. 2007), aff'd 2008 WL 4601686 (5th Cir. 2008).

If any of your clients were serving in the military and stationed at Camp Lejeune, another independent reason that their claims do not meet the FTCA requirements for compensation is that they were in the service at the time of their stated exposure to contaminated water at Camp Lejeune; therefore, they must pursue an administrative remedy for service-connected injury rather than an FTCA action.  See Feres v. United States, 340 U.S. 135 (1950); In re Camp Lejeune, 263 F. Supp. 3d at 1341-43; Gros v. United States, 2005 WL 6459834 (E.D. Tex. Sept. 27, 2005), aff'd 232 Fed. App. 417 (5th Cir. 2007).

This notice constitutes final action on your clients claims.  If they are dissatisfied with the action taken they may file suit in the appropriate U.S. District Court no later than six months from the date of the mailing of this letter.  By law, failure to comply with this six-month time limit may forever bar them from filing a lawsuit.

                                   Sincerely,

                                   [signature]

                                   H.H. DRONBERGER
                                   Director
                                   Claims & Tort Litigation

Enclosure

## Stack & Associates Claimants

| Claim # | Last Name | First Name |
|---|---|---|
| 140621 | Adamski | Landen H. a minor by Michele Hennessy |
| 140622 | Adamski | Tyler H. a minor by Hennessy Adamski |
| 161240 | Carter | Debra |
| 130298 | Dore | Michael |
| 130299 | Terry | Eric R. |
| 130300 | Dore | John C. III |
| 130301 | Dore | Michael |
| 130303 | Mashburn | Linda |
| 130305 | Mashburn | Robert Sr. |
| 130306 | Mashburn | Robert Jr. |
| 130557 | Favors | Fernanza L. |
| 130842 | Singer | Lawrence |
| 130843 | Tarringer | Michael |
| 130844 | Singer | Lawrence |
| 140619 | Hennessy | Michele J. |
| 140620 | Hennessy | Michele J. |
| 150677 | Kealy | Victoria |
| 150812 | Holstrom | Jennifer R. |
| 161092 | Davidson | Dennis A. |
| 161098 | Davidson | Janet Lynn |
| 161099 | Davidson | Patricia Marshall |
| 161100 | Davidson | Russell Jay |
| 161101 | Davidson | Timothy Michael |
| 151184 | Shelor | Mark Monroe |
| 150573 | Hutchinson | Chisa B |
| 161241 | Waldoch | Pamela |
| 161242 | Waldoch | Beverle Ann |
| 161243 | Waldoch | Daniel |
| 161741 | Thompson | Bill (dec'd) |
| 170103 | Thompson | Bill (dec'd) |
| 102397 | Bryant | Kimberly S. |
| 102271 | Bryant | Erica Y. |
| 102272 | Bryant | Alonzo E. Jr. |
| 102273 | Bryant | Kaylan A. |

## Stack & Associates Claimants - Supplemental List

| Claim # | Last Name | First Name |
|---------|-----------|------------|
| 090364  | Bryant    | Erica Y.   |
| 140619  | Adamski   | Kenneth S. |



**DEPARTMENT OF THE NAVY**
OFFICE OF THE JUDGE ADVOCATE GENERAL
1322 PATTERSON AVENUE SE SUITE 3000
WASHINGTON NAVY YARD DC 20374-5066

IN REPLY REFER TO:

5890
Ser 00CL
March 20, 2019

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Stack & Associates P.C.
260 Peachtree St., NW, Ste. 1200
Atlanta, GA 30303

Dear Sir or Madam:

SUBJECT: CAMP LEJEUNE CONTAMINATED WATER CLAIMS

This responds to your clients' claims submitted for personal injuries and/or wrongful death allegedly resulting from the exposure to contaminated water at Camp Lejeune, North Carolina. Your clients' names are listed on the enclosure to this letter.

Your clients' claims were considered under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. In accordance with the FTCA, the United States can only be held liable under limited circumstances where the negligent acts or omissions of United States employees acting within the scope of their employment proximately caused the alleged injuries.

The government's investigation has determined that your clients' claims do not meet the requirements under the FTCA for compensation. Among the reasons why the claims do not meet the requirements, is that the claims are barred by the North Carolina statute of repose which provides that no claim for personal injury "shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action" N.C. Gen. Stat. Section 1-52(16). Because your clients did not file their claims within 10 years of the last act or omission related to contaminated water at Camp Lejeune, their actions are untimely. See In re Camp Lejeune North Carolina Water Contam. Litig., 263 F. Supp. 3d 1318, 1332-40 (N.D. Ga. 2016) appeal docketed 16-17573 (11th Cir.); Bryant v. United

```
                                                    5890
                                                    Ser 00CL
                                                    March 20, 2019
```

States, 768 F.3d 1378 (11th Cir. 2014). Additionally, your clients' claims are barred by the FTCA's discretionary function exception, which provides the United States immunity for tort claims challenging discretionary, policy-based conduct. 28 U.S.C. Section 2680(a). See In re Camp Lejeune; 263 F. Supp. 3d at 1343-60; Snyder v. United States, 504 F. Supp. 2d 136 (S.D. Miss. 2007), aff'd 2008 WL 4601686 (5th Cir. 2008).

If any of your clients were serving in the military and stationed at Camp Lejeune, another independent reason that their claims do not meet the FTCA requirements for compensation is that they were in the service at the time of their stated exposure to contaminated water at Camp Lejeune; therefore, they must pursue an administrative remedy for service-connected injury rather than an FTCA action. See Feres v. United States, 340 U.S. 135 (1950); In re Camp Lejeune, 263 F. Supp. 3d at 1341-43; Gros v. United States, 2005 WL 6459834 (E.D. Tex. Sept. 27, 2005), aff'd 232 Fed. App. 417 (5th Cir. 2007).

This notice constitutes final action on your clients' claims, to include any client or clients whose names may have been inadvertently omitted from the enclosed list. If they are dissatisfied with the action taken they may file suit in the appropriate U.S. District Court no later than six months from the date of the mailing of this letter. By law, failure to comply with this six-month time limit may forever bar them from filing a lawsuit.

```
                                        Sincerely,

                                        [signature]

                                        H.H. DRONBERGER
                                        Director
                                        Claims & Tort Litigation
```

Enclosure

Stack & Associates P.C.

| | | |
|---|---|---|
| 130300 | Dore II | John C. |
| 160727 | Conley | Alana E. |