## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DEBRA CARTER, et al.                    )
                                        )
            Plaintiffs,                 )         CIVIL ACTION FILE #
v.                                      )         1:19-cv-02787-ELR
                                        )
UNITED STATES OF AMERICA,               )
                                        )
            Defendant.                  )

## PLAINTIFFS' BRIEF IN OPPOSITION TO THE
## UNITED STATES' MOTION TO DISMISS
## FOR LACK OF SUBJECT-MATTER JURISDICTION

COME NOW the Plaintiffs and serve their Brief in opposition to the United

States' Motion to Dismiss for Lack of Subject-Matter Jurisdiction.

While Plaintiffs agree they cannot sue the United States unless the United

States has waived its sovereign immunity, Plaintiffs show the Court here that the

Federal Tort Claims Act ("FTCA") waives the United States' sovereign immunity

from suit in federal courts for Plaintiffs' claims in this case. 28 U.S.C. § 1346(b).

## STANDARD OF REVIEW

Jurisdictional motions to dismiss under Federal Rule of Civil Procedure

("FRCP") 12(b)(1) come in two forms. First, there are "facial attacks," which

"require the court merely to look and see if the plaintiff has sufficiently alleged a

basis of subject matter jurisdiction." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th

Cir. 1990) (*quoting Menchaca v. Chrysler Credit Corp*., 613 F.2d 507, 511 (5th Cir. 1980)).   A court assessing a "facial attack" on jurisdiction is to assume the allegations in the complaint are true and not to look outside the pleadings and attached exhibits. *Id*. Second, there are factual attacks, which challenge the factual basis asserted for jurisdiction. *Id*. In cases like this one where the F.R.C.P. 12(b)(1) motion presents factual questions addressing jurisdiction, the plaintiff must be given an opportunity for discovery. *McElmurray v. Augusta-Richmond Cty.*, 501 F.3d 1244, 1247 (11th Cir. 2007); *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981).

## ARGUMENT

## I.  THE FEDERAL TORT CLAIMS ACT ("FTCA")

The FTCA provides that the United States district courts have jurisdiction over damages claims against the United States alleging injury caused by "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant **in accordance with the law of the place where the act or omission occurred**." 28 U.S.C. § 1346(b)(1) (emphasis added).

Therefore, to determine whether the United States has waived its sovereign immunity under the FTCA in this case, we must look to the law of the States where the negligent or wrongful acts or omissions occurred.  28 U.S.C. § 2674; *see also Daniels v. United States*, 704 F.2d 587, 591 (11th Cir. 1983).

## II.  STATES WHERE THE ACT OR OMISSION OCCURRED

*Exposure in North Carolina*.  It is uncontroverted that the U.S. supplied contaminated water as potable water for decades at its military base Camp Lejeune, North Carolina.  The contaminated water was used by people at Camp Lejeune for all purposes, including drinking, bathing, and cooking.  The U.S. says that by sometime after 1985, it stopped supplying contaminated water as potable.  The U.S. knew it was supplying contaminated water as potable and the U.S. knows the identity of the persons on the base at Camp Lejeune who were exposed to that contaminated water.  The latency period for whether these initial chemical exposures cause injury, disease, or death to any Plaintiff can be many decades.  *Everhart v. Rich's Inc.*, 229 Ga. 798, 802 (1972) (continuing torts are those that result from defendant's continuous tortious conduct and produce injury in varying degrees over a period of time); *see also CTS Corp. v. Waldburger*, 573 U.S. 1 (2014).  Regardless, Plaintiffs and the U.S. agree that the chemical exposures occurred in North Carolina.

*Failure to Warn in North Carolina, Georgia, and Elsewhere*.  Over the years after the chemical exposures ended in 1985, the U.S. obtained a great deal of material new information about the Camp Lejeune toxic exposures, such as the identities and concentrations of the contaminating chemicals and the risks that the prior exposures might kill, cause, and/or aggravate cancers and other illnesses.[1]  However, despite acquiring that new information, the U.S. has failed and continues to fail to warn Plaintiffs about the chemical exposures and about the material new information and risks caused by the past chemical exposures.  In other words, each and every day since the exposure ceased, the U.S. failed and continues to fail to warn those affected.  These ongoing, daily failures occur in each and every state where those affected currently reside.  **Thus, as to each Plaintiff in the putative class, the post-exposure negligent and wrongful failure to warn torts occur daily in their respective state of residence, whether North Carolina, Georgia, or elsewhere**.

## III.  SUBJECT MATTER JURISDICTION

The U.S. makes three arguments in support of its FRCP 12(b)(1) motion that this Court is without subject matter jurisdiction.  First, the U.S. argues there is no

---

[1]  Camp Lejeune Contamination and Compensation, Looking Back, Moving Forward, Congressional Hearing, S. Doc. No. 111-108 (2010), https://science.house.gov/hearings/camp-lejeune-contamination-and-compensation-looking-back-moving-forward

"analogous private liability under state law, because an action against a private party for the alleged negligent conduct would be barred by North Carolina's substantive ten-year statute of repose. N.C. Gen. Stat. § 1-52(16)."  Second, the U.S. argues its sovereign immunity is not waived as to Plaintiffs' claims because of the FTCA discretionary function exception.  28 U.S.C. § 2680(a).  Third, the US argues its sovereign immunity is not waived as to Plaintiffs' claims because of the "*Feres* doctrine" set out in *Feres v. United States*, 340 U.S. 135 (1950).  All three of these arguments fail.  Significantly, all three of the Defendant's arguments are factually intensive. But no discovery has been conducted in this case.  No jurisdictional discovery, no class discovery, no merits discovery.  Defendant's motion to dismiss is premature.  Therefore, Plaintiffs' request an opportunity to conduct the jurisdictional and class discovery necessary for the Court to evaluate the parties' contentions regarding subject matter jurisdiction in this case.

### A.    U.S. Liability for Negligent & Wrongful <u>Chemical Exposure</u>

Four different circuit courts have addressed the question of whether North Carolina's prior Gen. Stat. § 1-52(16) can bar a Plaintiff's chemical exposure claim. *See Stahle v. CTS Corp.*, 817 F.3d 96 (4th Cir. 2016); *In re Dow Corning Corp.*, 778 F.3d 545, 552 (6th Cir. 2015); *Bryant v. United States*, 768 F.3d 1378, 1381 (11th Cir. 2014); *Klein v. DePuy, Inc.*, 506 F.3d 553, 559 (7th Cir. 2007).  North Carolina

is in the Fourth Circuit.  The Fourth Circuit has interpreted North Carolina law and held that N.C. Gen. Stat. § 1-52(16) as it existed before the recent amendment does not bar a Plaintiff's chemical exposure claim.  *Stahle*, 817 F.3d 96. In a shameless (but successful) attempt at forum shopping, the U.S. opposed Plaintiffs' motion to transfer this case to the Fourth Circuit because the Eleventh Circuit holds that N.C. Gen. Stat. § 1-52(16) as it existed before the recent amendment does bar a Plaintiff's chemical exposure claim.  *Bryant*,768 F.3d at 1381.  Though the statute that the U.S. relies on has been amended and is no longer the law, the North Carolina State courts have not resolved the issue and this case, of course, is in the Eleventh circuit.

### B.   U.S. Liability for Negligent & Wrongful <u>Failure to Warn</u>

The U.S. ignores the fact that its ongoing daily failure to warn Plaintiffs about the chemical exposures and about the material new information it obtained about the chemicals and the risks resulting from the chemical exposures has occurred in each state that a Plaintiff calls home whether that be North Carolina, Georgia, or elsewhere.

**Every day the U.S. breaches its continuing duty to warn the putative class members about their chemical exposures.** *Cole v. United States*, 755 F.2d. 873, 877 (11th Cir. 1985). *See* Exhibit A (attached).  Moreover, Georgia (and many of the other states where the putative class members reside while the U.S. has failed to

warn them) has no statute of repose applicable to the facts of this case.  More to the point, because the U.S. has failed to warn, it has and does continue to breach its duty to warn resulting in a new cause of action each and every day.

### C.    *Feres* Doctrine & Discretionary Function

Believed to be one of the largest water contamination cases in U.S. history, the Department of Veterans Affairs has estimated that approximately 900,000 people were exposed to the United States' contaminated water at Camp Lejeune.  The U.S. knows the identity of the putative class members and whether they are now or ever were in the military.

As to those class members that were never in the military or were no longer in service when the failures to warn occurred, the *Feres* doctrine is inapplicable and does not bar their claims against the United States.  *Feres,* 340 U.S. 135.  Class discovery would allow identification of those putative class members in this case for whom the *Feres* doctrine does not apply and thereby resolve in part the jurisdictional *Feres* question the U.S. has raised.

Because the U.S. failed post-discharge to warn the putative class members about their chemical exposures, and about the material new information it obtained about the chemicals post-exposure, and about the risks resulting from the chemical exposures, the discretionary function exception is no bar to the failure to warn

claims.  *Cole*, 755 F.2d. at 877 (failing to warn of the health risks associated with past exposure to hazardous substances is not a permissible exercise of discretion).

## CONCLUSION

Determining whether private liability exists under state law, and whether the discretionary function exception or the *Feres* Doctrine provide a basis to dismiss any Plaintiff's post-exposure FTCA failure to warn claim for lack of subject matter jurisdiction, depends entirely on each putative class member's time in military service (if any) and state of residence.  In the absence of class discovery targeted to these jurisdictional issues the U.S. has raised, Defendant's FRCP 12(b)(1) motion to dismiss is premature and must be DENIED.

Respectfully submitted this 30th day of August 2021.

/s/ Donald D.J. Stack
_____
Donald D.J. Stack - GA Bar # 673735
STACK & ASSOCIATES, P.C.
260 Peachtree Street - Suite 1200
Atlanta, Georgia 30303
(404) 525-9205 Voice
(404) 522-0275 Fax
dstack@stackenv.com

 /s/ Robert Jackson
_____
Robert Jackson - GA Bar # 387750
ROBERT B. JACKSON, IV, LLC
260 Peachtree Street - Suite 2200
Atlanta, Georgia   30303

(404) 313-2039 Voice
rbj4law@gmail.com

*Attorneys for the Plaintiffs*

## <u>CERTIFICATION UNDER L.R. 7.1D</u>

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 30th day of August 2021.

/s/ Donald D.J. Stack
_____
Donald D.J. Stack - GA Bar # 673735
STACK & ASSOCIATES, P.C.
260 Peachtree Street - Suite 1200
Atlanta, Georgia 30303
(404) 525-9205 Voice
(404) 522-0275 Fax
dstack@stackenv.com

Attorneys for the Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served Defendant via its attorney with a true and correct copy of the foregoing *PLAINTIFFS' BRIEF IN OPPOSITION TO THE UNITED STATES' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION* via email and or via first class U.S. Mail, postage paid, addressed to:

Adam Bain, Esq.
U.S. DEPARTMENT OF JUSTICE
Civil Division, Torts Branch
Environmental Torts Section
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044

SO CERTIFIED this 30th day of August 2021.

*/s/ Donald D.J. Stack*
_____
Donald D.J. Stack - GA Bar # 673735
STACK & ASSOCIATES, P.C.
260 Peachtree Street - Suite 1200
Atlanta, Georgia 30303
(404) 525-9205 Voice
(404) 522-0275 Fax
dstack@stackenv.com

*Attorneys for the Plaintiffs*