# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEBRA CARTER, et al. | ) |
| | ) CIVIL ACTION NO. |
| | ) 1:19-cv-02787-ELR |
| Plaintiffs, | ) |
| | ) UNITED STATES' REPLY |
| v. | ) MEMORANDUM IN SUPPORT |
| | ) OF ITS MOTION TO DISMISS |
| UNITED STATES OF AMERICA, | ) FOR LACK OF SUBJECT-MATTER |
| | ) JURISDICTION |
| Defendant. | ) |

## INTRODUCTION

Plaintiffs' response fails to show that they can meet their burden of proving that this Court has subject-matter jurisdiction over any of their claims. Based on the allegations of Plaintiffs' complaint, and the uncontroverted evidence, Plaintiffs' claims are barred as a matter of law. Under binding and persuasive precedent applicable to Camp Lejeune water contamination claims, there are several independent reasons why there is no waiver of sovereign immunity under the Federal Tort Claims Act ("FTCA") for Plaintiffs' claims here.

Plaintiffs' response fails to confront this precedent. Instead, Plaintiffs claim a

right to jurisdictional discovery, even though no amount of discovery can save their claims. Further, Plaintiffs failed to seek any jurisdictional discovery prior to filing their response, even though the parties' discovery plan provided this option. See Dkt. 34 at 8. In any event, Plaintiffs' claims are legally barred by the North Carolina statute of repose, N.C. GEN. STAT. § 1-52(16), the FTCA's discretionary function exception, 28 U.S.C. § 2680(a), and the bar to tort claims that are incident to military service under *Feres v. United States*, 340 U.S. 135 (1950).

Significantly, this Court litigated virtually identical claims in a multidistrict litigation in *In re Camp Lejeune N. Carolina Water Contam. Litig.*, 263 F. Supp. 3d 1318 (N.D. Ga. 2016), *aff'd*, 774 F. App'x 564 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 2825 (2020). Plaintiffs' counsel participated in that litigation, in which jurisdictional discovery was conducted. That ruling, which Plaintiffs' brief fails to even cite, shows why Plaintiffs' claims are barred for each of the reasons asserted in the United States' motion.

## ARGUMENT

**I.     Plaintiffs' Claims Are Barred by North Carolina's Ten-Year Statute of Repose.**

Plaintiffs cannot take issue with binding Eleventh Circuit precedent holding that North Carolina's ten-year statute of repose bars their claims. In *Bryant v. United States*, 768 F.3d 1378 (11th Cir. 2014), an interlocutory appeal arising out of the

*Camp Lejeune MDL*, the Eleventh Circuit held: (1) that there was no latent disease exception to the North Carolina statute of repose, *id.* at 1380-81, and (2) that a legislative amendment could not retroactively affect application of the statute of repose, which barred the Camp Lejeune claims. *Id.* at 1381-85. Plaintiffs argue that the Fourth Circuit – the circuit in which North Carolina sits – has reached a different conclusion regarding whether there is a latent disease exception to the North Carolina statute of repose. Resp. at 5-6. But the *Camp Lejeune MDL* found this argument irrelevant given the binding Eleventh Circuit precedent, 263 F. Supp. 3d at 1327-29, and the Eleventh Circuit affirmed the decision. *See* 774 F. App'x at 567 n.2. Plaintiffs are left with making the bewildering claim that the United States engaged in "shameless… forum shopping" by opposing Plaintiffs' motion to transfer their case to a district court in the Fourth Circuit. Resp. at 6. This ignores the fact that Plaintiffs **chose to file their case in this district**, and did so **after** the Eleventh Circuit's decisions in the *Camp Lejeune MDL*.

      Plaintiffs also argue that an ongoing failure to warn occurs in the state where Plaintiff resides "whether that be North Carolina, Georgia, or elsewhere," and that this should affect the operation of the North Carolina statute of repose because it results "in a new cause of action each and every day." Resp. at 6-7. As discussed in the opening brief, Br. at 11-12, this Court addressed the same argument in the

*Camp Lejeune MDL* decision. The Court found that North Carolina law applied to all of the plaintiffs' claims, regardless of where they resided, because there could be no dispute that North Carolina was the "state in which all of the Plaintiffs resided at the time they allege they were exposed to a contaminated water supply at Camp Lejeune." 263 F. Supp. 3d at 1332. Further, the Court found that allegations of continuing negligent conduct, such as a continuing failure to notify residents of contamination, did not change application of the statute of repose. *Id.* at 1339-40. The Court reasoned that the statute of repose was intended to be an "absolute bar," and any failure to warn claim arising from subsequent circumstances could not change the application of the statute. *Id.* at 1340. Thus, because all of the claims here arise out of an alleged exposure to contaminated water in North Carolina and all claims were filed more than ten years after the contaminated wells were closed, the North Carolina statute of repose bars the claims. Because, it is undisputed that none of the Plaintiffs filed claims within ten years of the time the contaminated wells were closed, no discovery is warranted, and Plaintiffs' claims are barred as a matter of law.

## II. Plaintiffs' Claims Are Barred by the FTCA's Discretionary Function Exception.

Independently of the statute of repose, Plaintiffs' claims are barred by the FTCA's discretionary function exception. Other than briefly addressing the

application of the discretionary function exception to a post-discharge failure to warn claim for service members, Resp. at 7-8, Plaintiffs' response is silent on application of the FTCA's discretionary function exception to their claims.

As the United States demonstrated in its opening brief, Br. at 12-21, Plaintiffs' negligence claims are barred because they implicate discretionary, policy-based conduct. This includes claims that the United States was negligent in (1) disposal of contaminants and hazardous materials that may contaminate drinking water at Camp Lejeune, (2) designing and constructing the Camp Lejeune water supply system, (3) maintaining the Camp Lejeune water supply system, (4) monitoring water quality at Camp Lejeune, and (5) failing to provide information about the contamination. *See* Dkt. No. 1 ¶¶ 13, 20, 24, 25, 27, 36, 43, 44.

In the face of a challenge to the Court's subject-matter jurisdiction based on the FTCA's discretionary function exception, Plaintiffs have the burden of showing that the discretionary function exception does not apply. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002). Plaintiffs have failed to present any argument or submit any evidence to meet their burden. No jurisdictional discovery can change application of the discretionary function exception to Plaintiffs' claims. This Court, in the *Camp Lejeune MDL*, allowed jurisdictional discovery, and Plaintiffs' counsel were involved in that litigation and have access to that discovery. Additionally, the

United States agreed to a discovery plan that gave Plaintiffs an opportunity to request limited jurisdictional discovery prior to filing their response, but Plaintiffs failed to take advantage of this opportunity. *See* Dkt. 34 at 8. Because Plaintiffs have not and cannot show that their claims survive the FTCA's discretionary function exception, this Court should follow the comprehensive decision in the *Camp Lejeune MDL*, and dismiss their claims on that basis.

### III. Plaintiffs' Claims that are Predicated on Exposure While in Military Service at Camp Lejeune are Barred by the *Feres* Doctrine.

Independently of the North Carolina statute of repose and the FTCA's discretionary function exception, the *Feres* doctrine precludes any claims predicated on service members' exposure to contaminated water at Camp Lejeune. Plaintiffs do not dispute that the *Feres* doctrine applies to claims of service members, but argue that class discovery is necessary to determine which plaintiffs are service members whose claims may be barred by *Feres*. Resp. at 7. Plaintiffs fail to recognize that they cannot represent a class of all individuals who were potentially exposed to contaminated water at Camp Lejeune. Any class action under the FTCA must be limited to individuals who filed individual administrative claims under the statute. *See Cary v. United States*, No. 06CV2342 DMS (LSP), 2007 WL 9683542, at *6 (S.D. Cal. May 21, 2007) (stating "the requirement that each class member exhaust administrative remedies derives from the text and purpose of [28 U.S.C. § 2675(a)],

and the case law consistently so holds"). Any individuals who filed administrative claims other than those named plaintiffs in this case, are either: (1) pro se or represented by other counsel in current federal court litigation in other districts or (2) represented by counsel and awaiting decisions on requests for reconsideration of the denial of their claims by the Navy. Here, the administrative claims submitted for the named plaintiffs show which claimants are service members whose claims are barred by *Feres*. See Ex. 1 at 1, 13, 76, 83, 115, 121, 159.

Finally, citing *Cole v. United States*, 755 F.2d 873 (11th Cir.1985), Plaintiffs claim that post-discharge failure to warn claims for former service members are not barred by the *Feres* doctrine or the discretionary function exception. Resp. at 7-8. As the United States explained in its Opening Brief, the only circumstance in which *Feres* will not bar a post-discharge failure to warn claim is where there is a new duty to warn that arose entirely after a plaintiff's discharge from the military. (Br. at 24 (citing *Cole v. United States*, 755 F.2d 873, 875-79 (11th Cir. 1985)). A post-discharge failure to warn claim that relates continuously in time to the plaintiffs' military service is barred by *Feres*. *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1153-55 (5th Cir. 1981).[1] Here, Plaintiffs allege post-discharge failure to warn

---

[1] In *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the newly-formed Eleventh Circuit adopted as binding precedent all of

claims, but unlike the allegations in *Cole*, Plaintiffs fail to allege specifically in their Complaints that the United States' knowledge of the hazards increased sufficiently to give rise to a completely new duty to warn.

Moreover, Plaintiffs are incorrect in claiming that the Eleventh Circuit in *Cole* held that a post-discharge failure to warn claim based on a new, independent duty is not barred by the FTCA's discretionary function exception. *See* Resp. at 8. There is no such holding in *Cole*, and, in fact, on remand, the district court held that such a failure to warn claim was barred by the discretionary function exception. *Cole v. United States*, 635 F. Supp. 1185, 1187-91 (N.D. Ala. 1986) (finding that the discretionary function exception barred alleged post-discharge failure to warn of radiation exposure hazards). Plaintiffs failed to address any of the factually analogous cases cited by the United States that recognized that the discretionary function exception bars such claims. *See* Br. at 25.

## CONCLUSION

For all of the foregoing reasons, the Court should grant the motion and dismiss the case.

Respectfully submitted this 15th of September 2021.

---

the decisions that the former Fifth Circuit handed down prior to the close of business on September 30, 1981. The *Stanley* decision is dated March 16, 1981.

KURT R. ERSKINE
Acting United States Attorney

DARCY COTY
Assistant United States Attorney

J. PATRICK GLYNN
Director, Torts Branch
Environmental Tort Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Tort Litigation Section

GEOFFREY COOK
ALBERT LAI
LACRESHA JOHNSON
HAROON ANWAR
Trial Attorneys, Torts Branch
Environmental Torts Section


/s/ *Adam Bain*
ADAM BAIN
Senior Trial Counsel, Torts Branch
Environmental Tort Litigation Section
United States Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail:  adam.bain@usdoj.gov
Telephone:  (202) 616-4209
Fax:  (202) 616-4473

## CERTIFICATION UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 15th of September 2021.

                                        */s/ Adam Bain*
                                        _____
                                        Adam Bain – IN Bar #11134-49
                                        Senior Trial Counsel
                                        U.S. DEPARTMENT OF JUSTICE
                                        Civil Division, Torts Branch
                                        Environmental Torts Section
                                        P.O. Box 340, Ben Franklin Station
                                        Washington, D.C. 20044
                                        Email:  adam.bain@usdoj.gov
                                        Tel: (202) 616-4209
                                        Fax: (202) 616-4473

                                        Attorney for Defendant United States

## CERTIFICATE OF SERVICE

I hereby certify that I caused the following to be served on all counsel of record through the Court's Electronic Case Filing (ECF) system.

So certified this 15th day of September 2021.

                                     */s/ Adam Bain*
                                     _____
                                     Adam Bain – IN Bar #11134-49
                                     Senior Trial Counsel
                                     U.S. DEPARTMENT OF JUSTICE
                                     Civil Division, Torts Branch
                                     Environmental Torts Section
                                     P.O. Box 340, Ben Franklin Station
                                     Washington, D.C. 20044
                                     Email:  adam.bain@usdoj.gov
                                     Tel: (202) 616-4209
                                     Fax: (202) 616-4473

                                     Attorney for Defendant United States